United States District Court
Southern District of Texas
FILED

JUL 10 2003

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LOUIS MARVIN SZORCSIK, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-03-088 CRIMINAL NO. B-99-112 |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Louis Marvin Szorcsik originally brought a "Motion for Modification of Sentence," (Doc. # 1) which this Court construed as a 28 U.S.C. Section 2255 Application to Vacate, Set Aside or Correct Sentence. This Court took such action because Petitioner was attempting to challenge the constitutionality of his sentence, and in fact cited Section 2255 in the motion. For the reasons set out below, Petitioner's 28 U.S.C. Section 2255 Application should be DENIED.

### BACKGROUND

Petitioner was indicted on March 16, 1999. He was charged with conspiracy to possess with intent to distribute more than 500 grams of cocaine and possession with intent to distribute more than 500 grams of cocaine, that is, 1,154.3 grams of cocaine in violation of 21 U.S.C. Section 846 and Section 841(a)(1) respectively. On March 25, 1999, Szorcsik entered a plea of not guilty.

Petitioner persisted in his plea of not guilty until April 22, 1999, when he reached an agreement with the government and entered a plea of guilty to the charge set out in count two of

the indictment. The district court accepted Szorcsik's plea, found him guilty, ordered the preparation of a pre-sentence investigation report (PSR), and set the case for sentencing.

The district court imposed Szorcsik's sentence on July 23, 1999. The district judge remanded Szorcsik into the custody of the Bureau of Prisons to serve a 108-month term of imprisonment that was to be followed by a four-year term of supervised release. The court ordered Szorcsik to pay the mandatory assessment of $100.

The district clerk entered the judgment of conviction and sentence on August 9, 1999. Szorcsik did not appeal. The instant motion was filed on March 7, 2003.

## ALLEGATION

In his motion for Section 2255 relief, Szorcsik asserts that the probation officer erred in recommending application of the "career offender" provision of the United States Sentencing Guidelines and urges the court to consider an downward departure because he is not well.

## ANALYSIS

Petitioner Szorcsik filed the instant federal petition for writ of habeas corpus on March 7, 2003. As such, his petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[1] The AEDPA provides a one-year limitation period for filing federal habeas corpus petitions. The provisions of 28 U.S.C. § 2255 set forth four different scenarios that start the running of the one-year limitations period:

The limitation period shall run from the latest of–

    (1) the date on which the judgment of conviction becomes final;

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

The record does not reflect that any unconstitutional "governmental action" impeded Szorcsik from filing for federal habeas corpus relief prior to the end of the limitations period.[3] In addition, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.[4] Furthermore, Szorcsik has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final.[5] Accordingly, the latest date (the date the limitations period should begin to run), is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[6]

---

[2] See 28 U.S.C. § 2255.

[3] Id.

[4] Id.

[5] Id.

[6] Id.

3

In this case, Szorcsik's conviction became final when the time for filing a notice of appeal expired (ten days after the sentence was imposed), on August 20, 1999.[7] Therefore, Petitioner had until August 20, 2000, to file a timely Section 2255 petition. Petitioner actually filed his Section 2255 petition on March 7, 2002; thus, it should be dismissed as time barred.

## RECOMMENDATION

For the reasons set forth above, Petitioner's 28 U.S.C. §2255 Petition for Habeas Corpus Relief should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[8]

DONE at Brownsville, Texas, this 10th day of July, 2003.

Felix Recio
United States Magistrate Judge

---

[7] FED. R. APP. P. 4(b)(1).

[8] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LOUIS MARVIN SZORCSIK,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-03-088<br>CRIMINAL NO. B-99-112 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§ | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 is hereby DENIED.

DONE at Brownsville, Texas this _____ day of _____, 2003.

_____
Hilda Tagle
United States District Judge