IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

United States District Court
Southern District of Texas
FILED
JUL 2 1 2003
Michael N. Milby
Clerk of Court

| | |
|---|---|
| LOUIS MARVIN SZORCSIK<br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Responent | § CRIMINAL CASE NO. B, 99-112<br>§<br>§ CIVIL CASE NO. B-03-88<br>§<br>§ HILDA G. TAGLE<br>§ UNITED STATES DISTRICT JUDGE |

## DEFENDANT'S RESPONSE AND TRAVERSE TO
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**COMES NOW,** Petitioner/Defendant Louis Marvin Szorcsik Pro=Se and submits this Response and Traverse to the Magistrate Judge's oppostion to Petitioner's Motion for Modification of Sentence,and for the reasons stated below, the Defendant request for RELIEF should be GRANTED.

The Magistrate Judge in recommending Defendant's Motion for Modification of Sentence to be denied is in violation of Defendant's First (1st) AMENDMENT Right of the Constitution of the United States.

In the Magistrate Judge's analysis he goes through a time frame of which to file a 28 U.S.C. § 2255 and suggests the Defendant's Motion for Modification of Sentence to be dismissed as time Barred

### STATEMENT OF FACTS

1) Defendant before sentencing on June 22, 1999 did submit an
   OBJECTION to errors in his P.S.I. Report to U.S. Probation
Officer Liset De La Cerda and Defendant's Attorney Albert Villegas.
(SEE EXHIBIT (A).

(1)

2) Probition Officer's response to defendant's OBJECTIONS was deferred to the Court for final CONSIDERATION AND DETERMINATION on the issues of errors in the P.S.I. Report, but was never addressed in court at sentencing (SEE EXHIBIT B).

3) A Rule 28 U.S.C. § 2255 was timely filed by defendant and stamped filed by the Clerk of the Court on Sept. 21, 1999. Based on Ineffective Assistence of Counsel, with claims of failing to raise and challenge alleged errors in the P.S.I. Report, and Breach of the Plea Agreement in violation of defendant's SIXTH AMENDMENT. This Motion (28 U.S.C. § 2255) as was P.S.I. issues was never addressed by the Courts.
(SEE EXHIBIT C).

The Defendant comes now to petition the Government for a redress of defendant's GRIEVANCES of ERRORS in the application of sentencing in the P.S.I. Report, and request an evidentary hearing in the above stlyed case.

**WHEREFORE** it is prayed that this Honorable Court to GRANT the defendant resentencing as requested for the relief he is seeking in this Motion.

Respectfull Submitted,

*Louis Marvin Szorcsik* __ FED" ID. # 07359-018
Louis Marvin Szorcsik Pro-se
FCC Coleman Low A-1
P.O. Box 1031
Coleman, Florida  33521-1031

## CERTIFICAT OF SERVICE

I Louis Marvin Szorcsik, hereby Certify that I have served a true and correct copy of the foregoing,

## DEFENDANT'S RESPONSE AND TRAVERSE TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**WHICH IS DEEMED FILED**, at the timeit is delivered to PRISON AUTHORITIES, HOUSTON v. LACK, 101 L. Ed. 2d 245, 108 S.Ct. 2379 (1988). upon the DEFENDANT/DEFENDANTS AND HIS ATTORNEY/ATTORNEYS of record placing in a sealed, postage prepaid envelope address to:

| | |
|---|---|
| UNITED STATES DISTRICT CLERK | FELIX RECO |
| | UNITED STATES MAGISTRATE JUDGE |
| BROWNSVILLE DIVISION | |
| ATTN: DEPUTY-IN-CHARGE | BROWNSVILLE DIVISION |
| 1158 FEDERAL BUILDING | 1158 FEDERAL BUILDING |
| 600 E. HARRISON ST. | 600 E. HARRISON ST. |
| BROWNSVILLE, TEXAS 78520 | BROWNSVILLE TEXAS 78520 |

and deposited same in the United States Mail at F.C.I., Coleman Florida 33521 on this _17_ day of July, 2003

*Louis Marvin Szorcsik*

LOUIS MARVIN SZORCSIK  07359-015

EXHIBIT (A)

Objection to P.S.I.                                6-22-9.9

U.S. of America
         v.                              Docket # B-99-00012-01
Louis M. Szoresik


Lisseta De La Cerda
US Probation Officer
Brownsville, Texas

   Defendant objects to paragraph 19 of P.S.I.
    (Chapter 4 Enhancement

The two Controlled Substances offenses were consolidated for sentencing, and 4A1.2(C) states the date that a defendant sustained a conviction shall be the date the Guilt of the defendant has been established (Both offense was established on 10-17-92). [Related] SEE Exhibit

the offense -11845- was a Florida sentence that the Adjudication of Guilt was withheld and Florida laws states this is not a conviction. Also 4A1.2(a)(1) Prior Sentence Defined: (The Term "prior sentence" means any sentence previously imposed upon adjudication of Guilt. (SEE Exhibit)

This offense -11845- in the P.S.I. should not even be counted in Criminal History points either.

Also the offense at hand as stated on first page of P.S.I. is a type (B) felony, th offense level was improperty calculated as stated in P.S.I. page 5 in (34). A type B felony and Subchapter D of chapter 227 which is 18 U.S.C. § 3581 states Sentence of Imprisonment for a class B felony is no more than 25 year which in a 4B1.1 is (C) which is a differance of 32 months. (offense level 32) not 34.

For the above reasons the defendant's enhancement to chapter 4B1.1 has been serious misinterperated, and even the enhancement itself is in error.

II
Father name is Robert G. Szorcsik
1. Brother name is Stephen R. Szorcsik

III
Cocaine used since age 45 Heavy use for past three years

IV Combitues $500 dollars a month to House Payment Net Income is $292.00

Respecttully Submitted

Louis M. Szorcsik
Louis M. Szorcsik

cc Albert Villegas
  file

EXHIBIT (B)

## ADDENDUM TO THE PRESENTENCE REPORT

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
UNITED STATES V. LOUIS MARVIN SZORCSIK,
AKA: ROBERT L. SZORCSIK; AKA: JERRY KENNETH SKIPPER
DOCKET NO. B-99-00112-01

The probation officer certifies that the Presentence Report (PSR), including any revisions thereof, have been disclosed or have been made available to the defendant, his attorney, and the counsel for the Government, and that the content of the Addendum fairly states any objections they have made.

### OBJECTIONS

#### By the Government

The government filed written notice of no objections to the presentence investigation report on June 7, 1999.

#### By the Defendant

The defense counsel on behalf of the defendant filed written notice of objections to the presentence investigation report on June 28, 1999.

### Objection No. 1

The defendant objects to Page 9, Paragraph 43, in that "defendant relates no usage of illicit drugs." Such statement is incorrect and the probation officer must have misunderstood the interviews with the defendant. Defendant has used cocaine in the past and more extensively since age 45. In the past eighteen (18) months prior to his detention and arrest, the defendant was using cocaine frequently. The drug use most likely contributed to the circumstances which surrounded the arrest for this instant charge of possession of cocaine, with intent to distribute.

The defendant prays that the Court note this objection and consider the drug abuse in its determination and sentencing.

Additionally, the probation officer received written objections from the defendant which were not filed with the U. S. District Clerk's Office, wherein he argues that his offense level should remain at level twenty-three (23) with a criminal history category of V and that the enhancement pursuant to U.S.S.G. 4B1.1 is not valid. The defendant argues that he is being punished for a prior criminal conviction and therefore, the Chapter Four (4B1.1) Enhancement has been seriously misinterpreted and an enhancement to level 34 with a criminal history category of VI is not applicable.

The defendant also advised that his father's name is Robert G. Szorcsik and not Stephen R. Szorcsik as reflected in a previous presentence investigation report. He also noted that Stephen R.

13

Szorcsik was his brother. The defendant also noted that he has used cocaine since age 45, and has been a heavy user for the past three (3) years. He further noted that he contributes approximately $500.00 a month towards his house payment, thus leaving him a monthly net income of approximately $292.00.

### Officer's Response

As per the defendant's argument in reference to the application of Chapter 4 Enhancement, as well as, all other guideline applications of the presentence investigation report this officer concludes they were accurately applied. Therefore, this issue is deferred to the Court for final consideration and determination.

In a previous presentence investigation report the defendant indicated he was the only child born to Stephen and Mary Szorcsik. As per the defendant and his counsel, the presentence investigation report has been changed in Paragraph 43 to reflect his cocaine abuse. Paragraph 49 has been changed to reflect his contribution of $500.00 a month towards his house payment and the net income of approximately $292.00.

Respectfully submitted,

LOUIS G. BREWSTER, Chief
U.S. Probation Officer

By: *[signature]*
Lissette T. De La Cerda
U.S. Probation Officer
LDC/(scb)

Approved:

*[signature]*
Stephen L. Alvarez, Supervising
U.S. Probation Officer

Date: 7/14/99

14

EXHIBIT (C)

United States District Court
For the Southern District of Texas

United States District Court
Southern District of Texas
RECEIVED
SEP 21 1999
Michael N. Milby, Clerk of Court

United States of America §
§
V. § Case No. B-99-00112-01
§
§
Louis Marvin Szorcsik §
§

Motion To Vacate,
Or set aside, or Correct
Sentence, Pursuant to
Rule 28 U.S.C. § 2255

Comes now Petitioner, Louis Marvin Szorcsik, through 'prose' with this motion to Vacate set aside or correct sentence pursuant to Rule 28 U.S.C.§2255.

Petitioner was setenced to 108 months on July 23 1999, for the offense of possession with intent to distribute, a quantity exceeding 500 grams of Cocaine in Violation of 21 U.S.C.§841(a)(I) in criminal case No. B-99-00112.

Petitioner Pursing his post Conviction remedies to secure reduction of his Sentence based on Ineffective assistence of counsel claims for failing to raise and challange goverment's revelation of petitioner's prior felony convictions alleged errors in the presentence investigation report and breach of

(1)

Petitioner contend that the District Court did not adequately articulate grounds for enhanced sentence base on Petitioner's prior criminal history because of his prior drug convictions on paragraphs 24 and 25 respectively in the P.S.I. report and the sentences were to be served consecuticely and the District Court used the erroneous information to the imposition of his sentence to 108 months imprisonment and petitioner disputed significant information in the P.S.I. report before sentence was imposed. The Court must depart downward in petitioner's offense level to correct alleged error(s) in P.S.I. report which over represents his criminal history as a career offender. See United States v. Sanders 97 F3d856(6th cir 1996), United States v. Reyes 8F3d1379 (9th cir 1992), United States v. Bowers 941F2d1019(10th cir 1991). Petitioner's claims that motion 2255 is timely filed to correct alleged error(s) in the P.S.I. as required by law with in ten months after sentence was imposed on July 23, 1999. See United States v. Fischer 821F2d(11th cir 1987).

Petitioner is entilied to resentencing on claim that counsel's failure to raise and object P.S.I. report error(s) of petitioner's two price drug convictions at the sentencing. secured vacating his sentence for purpose(s) of reviewing attorney's representation and whether or not defendant had received effective assistance of counsel as well as whether the sentence imposed upon by the District Court was appropretely based on career offender enhancement because Couet would not take the controverted matters into account, see sentencing

(3)

guidelines 4B1.1.

Defense counsel failed to raise that government did not advocate six and half years sentence in court and was promise made to defendant as part of Plea bargain instead government recomended Career Offender sentence lengthy prison term in the P.S.I. report and was breach of Plea Agreement and were flately inconsistent and lip service and were unfulfilled promise(s) and court to review de novo whether the government violated the terms of Plea Agreement. See United States V Fisch 863 F2d 690 (9th cir 1988). Defendant is entitled to evidentary hearing in this case.

An ineffective assistence of counsel claim is a constitutional claim that is cognizable under a motion 2255. See Kamfman V United State 394 U.S. 217(1969)? Defendant requested that his attirney to object the P.S.I. report error(s). His two prior drug convictions on paragraphs 24 and 25 of P.S.I. was included in six and half years promise made to him that induced him to plea guilty at sentencing hearing, the attorney's failure to do so, fell below an objective standard of reasonableness professional judgement. See Strickland V Washington 466U.S. 668 (1984). In addition. the attorney's failure to object arguably against P.S.I. error(s) and breach of Plea Agreement by the government's sentencing recommend career offender of 108 months imptisonment to the instant offense based on defense counsel's deficient performance which rendered the

(4)

procedings fundamentall unfair and unreliable with miscarriage of Justice under standards announced in Hill V Lockhart 474 U.S. 52 (1984).

Wherefore it is prayed that this Honorable Court to grant the defendant resentencing as required in this motion 2255

Respectfully Submitted

Louis Marvin Szorcsik
ID# BR86078079, WCC/KCC
810 Commerce St,
Karmes City , Tx  78118

Subcribed and Sworn to before me by the said Louis Marvin Szorcsik this the 17th day of Sept 1999, to Certify which witness my hand and seal of office.



Notary Public in and for the State of Texas

My Commission expires on: _____